———o———

## 5510.

(Court of Appeal, Parish of Orleans.)

### GABRIEL SINTES vs. MISS MATHILDE HART.

Involves only issues of fact.

Appeal from the Civil District Court, Division "E."

P. L. Fourchy, for plaintiff and appellant.

McGloin & Schreiber, for defendant and appellee.

ST. PAUL, J.—Plaintiff seeks to recover compensation for alleged services rendered defendant, to-wit: for collecting rents, attending to repairs, seeing to assessments and insurance, looking after the cleaning of vaults, white-washing a family tomb, attending to one small case before a Recorder, and compromising a possible damage suit.

Only issues of fact are involved. Defendant owns two small pieces of property, one of which, it is shown, she

herself attended to entirely. The other is a small shack rented about $12.00 a month. The compensation claimed is $100.00 per year for three years.

The parties are brother and sister-in-law, and the evidence satisfies us that the services rendered by plaintiff were only occasional, and trivial in their nature; such indeed as any male relation or connection would readily and cheerfully render to the women of his family, especially when, as is shown in this case, they had been kind and generous to his motherless children.

There is therefore no presumption that any compensation was ever contemplated.

Plaintiff testifies however, that compensation was promised him; but in this he is uncorroborated. On the other hand defendant denies absolutely that the subject of compensation was ever mentioned between them; or that she had any need whatever for plaintiff's services, which were volunteered by him and accepted in the belief that they were tendered freely and in a friendly spirit.

The District Judge believed the defendant, and so do we, especially as this suit was filed only after some family differences arose, after other financial matters of long standing had been adjusted between the parties, and after more than six years had elapsed since the services began, without any claim for compensation having ever been made during that time.

Judgment affirmed.

February 19, 1912.

Rehearing refused, March 18, 1912.